UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD W. VAN ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1538 (ESH) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF VETERANS AFFAIRS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Harold Van Allen, a Navy veteran, has filed this *pro se* action against the United States Department of Veterans Affairs ("VA") and the United States Department of the Navy, Board for Correction of Naval Records ("BCNR"), under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA"). (*See* Complaint ("Compl.") [ECF No. 1] at 2-3.) The suit is purportedly brought on behalf of "two related classes," for which he seeks certification: (1) a "class of similarly situated disabled veterans in various regional office districts seeking equal expedited and timely administrative review of veteran service connected disability claims" and (2) a "class of Navy veterans seeking review of BCNR staff administrative denials of reconsideration based [on] new facts." (Compl. at 1.) Plaintiff seeks "an injunction compelling defendant BCNR [to] review the DVA claim 29-719-334 with the newly DVA . . . discovered facts and to correct military records and grant retroactive disability retirement;" "remand of Navy USCFC case(s) back to BCNR for further administrative review of new facts . . . by BCNR staff not previously involved in the unauthorized denials of reconsideration;" and a writ of mandamus to "order the DVA to ensure (nationally) equal administrative timely handling of

DVA service connection compensation claims." (*Id*. at 1, 10-11.)  Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6).[1]

## BACKGROUND

Plaintiff has been an active litigant, having filed numerous earlier suits, including four suits in the Court of Federal Claims based on essentially the same set of facts.  Plaintiff served as a qualified diver in the Navy from June 10, 1973 until June 20, 1978, during which time he incurred several injuries.  *See Van Allen v. United States*, 70 Fed. Cl. 57, 58 (Fed. Cl. 2006) ("*Van Allen II*").[2]  In June 1978, plaintiff was honorably discharged from active duty.  *See id*. at

---

[1] The Court notes that plaintiff has filed what appears to be a meritless petition for a writ of mandamus with the D.C. Circuit.  *See In re: Harold W. Van Allen*, No. 13-5059 (D.C. Cir. *filed* 2/19/13).  In the absence of controlling law addressing a district court's jurisdiction while such a petition is pending, this Court looks to law addressing jurisdiction while an appeal is pending.  "The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'"  *United States v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) (per curiam)).  However, courts have "carved out a few narrow exceptions to this rule, such as where [a party] frivolously appeals . . . or takes an interlocutory appeal from a non-appealable order."  *Id.* at 1302-03 (internal citations omitted); *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 315 F. Supp. 2d 63, 66 (D.D.C. 2004) ("[A] notice of appeal from an unappealable order does not divest the district court of jurisdiction.").  Accordingly, "[i]nstead of allowing [a party] to willy-nilly deprive [a] Court of jurisdiction, thus bringing . . . proceedings to a standstill while a non-appealable ruling wends its way through the appellate process, the Court [may] disregard the notice of appeal from a non-appealable order and proceed with the case."  *Hammon v. Barry*, 752 F. Supp. 1087, 1092 (D.D.C. 1990) (internal citations and quotation marks omitted); *see also Ruby v. Sec'y of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").  Under this law, plaintiff's petition does not deprive this Court of jurisdiction because the petition is obviously frivolous.  It would be a waste of judicial resources to hold this matter in abeyance until the Circuit has the opportunity to review the petition and come to the same conclusion.

[2] While plaintiff has submitted voluminous attachments, which consist primarily of medical records, he has only laid out minimal facts in his complaint and has failed to respond to defendant's motion.  The Court therefore draws on the factual findings that the Court of Federal Claims made in *Van Allen II*, which were in turn based on plaintiff's "official personnel file and a certified copy of the five-volume administrative file of the Board for Correction of Naval

59.  His discharge was based on unsatisfactory performance, rather than on any medical condition.  *See id*.  After his transfer to the Naval Reserve, plaintiff was honorably discharged in November 1979 "for having twice failed of selection for promotion to the next higher grade."  *Id*. (internal quotation marks and citation omitted).

Beginning in 1983, plaintiff sought disability compensation from the Veterans Administration ("VA").  *See id*. (citation omitted).  In February 1985, he petitioned the BCNR to correct his record to reflect "the apparent fact that my release from active duty was inreality [sic] due to medical conditions. (undiagnosed systemic lupus E. symptoms)."  *Id*. (citation omitted).  The BCNR denied that request in 1986, as well as a subsequent application for correction of his record in 1995.  *See id*. (citation omitted).  In 1992 and 1993, VA surgeons performed medical operations on plaintiff to treat a cyst.  *See id*. at 60-61. (citation omitted).  The Navy's medical expert determined that the condition likely predated plaintiff's service and that there was no evidence that the condition was aggravated by his active duty service.  *See id*. at 61. (citation omitted).  Plaintiff submitted numerous subsequent communications to the BCNR, which the BCNR deemed requests for reconsideration and denied.  *Id*. at 60-61. (citations omitted).

In 2005, plaintiff began pressing the same issue, without success, in a variety of federal courts.  On January 25, 2005, he filed a *pro se* action against the United States in the Court of Federal Claims, seeking to correct his Naval records to provide for disability retirement pay and health care reimbursement retroactive to 1978.  *See Van Allen v. United States*, 66 Fed. Cl. 294 (Fed. Cl. 2005) ("*Van Allen I*").  The Court of Claims dismissed that action on the grounds that claims for veterans' benefits do not fall within its jurisdiction, and also noted that plaintiff's claim likely fell outside of the six-year statute of limitations.  *See id*. at 297-98.  The court

---

Records."  *Van Allen II*, 70 Fed. Cl. at 58.

declined to allow equitable tolling.  *See id*.  Plaintiff filed an amended complaint, which the court dismissed on the grounds that the claim was barred by the statute of limitations.  *See Van Allen II*, 70 Fed. Cl. at 64-65.  Plaintiff appealed to the Federal Circuit, which affirmed the lower court's rulings, including with regard to the statute of limitations and equitable tolling issues. *See Van Allen v. United States,* 236 Fed. Appx. 612, 612 (Fed. Cir. 2007) (per curiam).

On July 14, 2010, plaintiff filed a new *pro se* action in the Court of Federal Claims, asserting essentially the same claims based on a different medical condition; to wit, sleep apnea and hypoxemia that he alleged were caused by a 1975 oral surgery performed during his military service.  *See Van Allen v. United States*, 2011 U.S. Claims LEXIS 2655, at *2 (Fed. Cl. Sept. 12, 2011) ("*Van Allen III*")).  The court dismissed the case, finding that "'the new facts presented . . . [did] not overcome the lack of subject matter jurisdiction nor the preclusive effect of [the] Court's prior judgment.'"  *Id.* at *11.

In 2012, plaintiff filed yet another suit in the Court of Federal Claims, alleging that the "BCNR's unauthorized handling of disability retirement has caused money damages to a class of similarly situated Navy veterans with service-connected cognitive/behavioral impairments prevent[ing] them from timely filing."  *Van Allen v. United States*, 2012 U.S. Claims LEXIS 431, at *6-7 (Fed. Cl. Apr. 24, 2012) ("*Van Allen IV*").  The court dismissed plaintiff's claims, noting that plaintiff's class claims did not create jurisdiction "because a party cannot bring a class action if its own claims are time-barred."  *Id.* at *10.

In filing the instant suit, plaintiff has selected a new forum in which to bring essentially the same claims as in his prior suits.  Defendant has moved to dismiss under 12(b)(6) and 12(b)(1).  Having reviewed defendant's motion, the record of the case, and rulings issued in plaintiff's previous duplicative suits, the Court will grant defendant's motion on the merits under

Rule 12(b)(1) and will dismiss the case in its entirety.[3]

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. Rule 12(b)(1)

To survive a motion to dismiss under Rule 12(b)(1), plaintiff must demonstrate that the court has jurisdiction. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). Since district courts are courts of limited jurisdiction, the inquiry into "subject matter jurisdiction is, of necessity, the first issue for an Article III court." *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (internal quotation marks omitted). In "determining the question of jurisdiction, federal courts accept the factual allegations contained in the complaint as true . . . . Moreover, the Court can consider material outside of the pleadings when determining whether it has jurisdiction." *Halcomb v. Office of the Senate Sergeant-At-Arms*, 563 F. Supp. 2d 228, 235 (D.D.C. 2008) (internal citations omitted).

---

[3] Plaintiff failed to file an opposition to defendant's motion, despite the Court issuing two Orders pursuant to *Fox v. Strickland*, 837 F. 2d 507 (D.C. Cir. 1988), notifying him that the motion could be granted as conceded if he failed to respond. Instead, plaintiff has now filed, three days past the extended deadline for his opposition, a "Motion for Expansion of Time to Respond to MTD And Or Stay of Proceedings Pending DON (Navy) FOIA Appeal and DVA Albany VAMC FOIA and USCA-DCC Original Proceeding 13-5059 In re: Harold Van Allen." [ECF No. 10]. Plaintiff has not indicated that he needs more time to respond substantively to defendant's motion. Instead, it appears that he primarily wishes to stay the Court's decision on the motion pending resolution of various FOIA appeals and his petition for a writ of mandamus to the D.C. Circuit. The Court sees no reason to wait or to stay this matter as requested, for the reasons stated above (*see supra* note 1) and because this case can be resolved solely on a legal basis so, contrary to plaintiff's suggestion, no further development of the facts would be of assistance. Plaintiff's motion will therefore be denied. Moreover, in the absence of an opposition, the Court could grant defendant's motion as conceded. *See* L. Civ. R. 7(b). But because plaintiff is proceeding *pro se*, the Court will consider the merits of defendant's arguments to ensure that no injustice is being worked.

### B.    Plaintiff's Claims Are Precluded By Collateral Estoppel and/or Res Judicata

"'Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).  "Res judicata bars relitigation not only of matters determined in a previous litigation but also ones a party could have raised."  *Capitol Hill Group*, 569 F.3d at 491 (internal quotation marks, edits, and ellipsis omitted).  In other words, "'claim preclusion precludes the litigation of claims, not just arguments.'" *Id*. at 490 (quoting *NRDC v. EPA*, 513 F.3d 257, 261 (D.C.Cir. 2008)) (emphasis omitted).

Under collateral estoppel, also known as issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  There are three elements to collateral estoppel: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case;" (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case;" and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007).  Res judicata and collateral estoppel are based on the same principles: to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94.

Every one of the claims that plaintiff states in this case has been previously decided one or more times by the Court of Federal Claims. Plaintiff stated the same claim for correction of his military records and the Navy's disability retirement decision in *Van Allen I, Van Allen II, Van Allen III, and Van Allen IV*. In each case, the court found that the statute of limitations had run and that equitable tolling did not apply. *See Van Allen I*, 66 Fed. Cl. at 297-98; *Van Allen II*, 70 Fed. Cl. at 64; *Van Allen III*, 2011 U.S. Claims LEXIS at *10-11; *Van Allen IV*, 2012 U.S. Claims LEXIS at *9-10. The same is true of plaintiff's claims to represent a class challenging the authority of the BCNR staff to deny reconsideration requests. The courts that decided both *Van Allen III* and *Van Allen IV* made it abundantly clear that plaintiff could not manufacture subject matter jurisdiction by asserting his allegations on behalf of a purported class. *See Van Allen III*, 2011 U.S. Claims LEXIS at *10-11; *Van Allen IV*, 2012 U.S. Claims LEXIS at *9-10. The instant complaint cannot be viewed as anything other than an attempt to rehash the same issues in a new court, even though, as discussed below, this Court lacks subject matter jurisdiction over the claims. Thus, the Court will dismiss the complaint on the grounds of res judicata and/or collateral estoppel.

### C.     Plaintiff's Claims Are Barred Under Tucker Act

Even if plaintiff's claims were not barred by res judicata or collateral estoppel, they would be barred under the Tucker Act. Although plaintiff seeks equitable relief, the intended effect is monetary recovery. Plaintiff's request to correct his military records to reflect a service-related injury is only meaningful to the extent that it would entitle him to associated pay and benefits. Indeed, he explicitly seeks medical retirement benefits extending back to 1978, the value of which would clearly exceed $10,000. (*See* Compl. at 2.) Because this is, in essence, a request for monetary relief, the Tucker Act applies. *See* 28 U.S.C. § 1346.

Plaintiff cannot avoid the jurisdictional limitations of the Tucker Act by simply omitting any mention of it.  "To decide whether a plaintiff is attempting to sidestep Tucker Act jurisdiction, the court must look to the substance rather than the form of the complaint."  *Bliss v. England*, 208 F. Supp. 2d 2, 6 (D.D.C. 2002).  In a Tenth Circuit case similar to this one, the plaintiff sought to change his honorable discharge into a disability discharge under the APA.  *See Burkins v. United States*, 112 F.3d 444, 450 (10th Cir. 1997).  The Tenth Circuit found that the effect of the relief plaintiff sought would be to receive retroactive benefits in excess of $10,000, therefore the Tucker Act applied.  *See id*. at 449.  The same is true here.  Because plaintiff seeks relief that triggers the Tucker Act, and he has not waived damages in excess of $10,000, the Court lacks jurisdiction to consider his claims.

**D.     Sovereign Immunity Precludes this Court from Reviewing VA's Decisions**

The Court also lacks jurisdiction because plaintiff's claims fall, not under the APA, but under 38 U.S.C. § 511, which explicitly bars judicial review of such claims.  It is beyond cavil that the United States cannot be sued without its consent.  *See United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "In analyzing whether Congress has waived the immunity of the United States, we must construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the language requires." *Forman v. Small*, 271 F.3d 285, 296 (D.C. Cir. 2001) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)).  The Supreme Court has consistently stated that "a waiver of sovereign immunity must be 'unequivocally expressed' in a statutory text."  *Fed. Aviation Admin. v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (citations omitted).

While plaintiff states his claims under the APA, which provides a waiver of sovereign immunity at 5 U.S.C. § 702, the waiver is only applicable to "final agency action for which there

is no other adequate remedy in a court." 5 U.S.C. § 704. *See also Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882 (1990). District courts are explicitly deprived of jurisdiction to review any claim made by the VA "that affects the provision of benefits . . . to veterans." 38 U.S.C. § 511. Instead, appellate review of such decisions proceeds from "the Board of Veterans' Appeals, then to the Court of Appeals for Veterans' Claims, to the Federal Circuit, and ultimately to the Supreme Court." *Thomas v. Principi*, 394 F.3d 970, 973-74 (D.C. Cir. 2005) (citing 38 U.S.C. §§ 7104(a), 7252(a), 7292(c)). Because this system of judicial review, established by the Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-4122 (codified in various sections of 38 U.S.C.), provides an adequate alternate remedy, claims such as plaintiff's "[fall] within the § 704 exception to the APA's waiver of sovereign immunity." *See Beamon v. Brown*, 125 F.3d 965, 970 (6th Cir. 1997). Additionally, "[u]nder 5 U.S.C. § 701(a)(1), the APA does not waive sovereign immunity when statutes preclude judicial review," as § 511 explicitly does. *Id. See also* 38 U.S.C. § 511 ("[T]he decision of the Secretary as to any such question . . . may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.").

Nor does the Court have jurisdiction to "order the DVA to ensure (nationally) equal administrative timely handling of DVA service connection compensation claims." (Compl. at 10-11.) The Ninth Circuit recently considered a very similar claim challenging "'average' delays in the VA's provision of mental health care and disability benefits." *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1017 (9th Cir. 2012), *cert denied*, 133 S.Ct. 840 (2013). The court noted in that case that "§ 511 undoubtedly would deprive us of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care" and further, that jurisdiction is not acquired "just because [plaintiff] challenges many benefits decisions

9

rather than a single decision." *Id*. at 1026, 1027. *See also Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 658 (D.C. Cir. 2010) (finding that veterans' associations lacked standing to bring claims that VA's average processing times were too long). Similarly, whether the focus here is on plaintiff's individual denial of benefits or a challenge to the timing of the VA's benefit decisions with respect to a purported class, this Court is precluded by § 511 from entertaining such claims. Thus, the Court lacks jurisdiction over plaintiff's claims for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's Motion to Dismiss. A separate Order accompanies this Memorandum Opinion.

___/s/___
ELLEN SEGAL HUVELLE
United States District Judge

Date:  February 28, 2013