UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **HAROLD W. VAN ALLEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1538 (ESH) |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF VETERANS AFFAIRS,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Harold Van Allen has filed what he terms a "Motion for Stay of Filing Notice of Appeal Until Recovery from Major Jaw Advancement Surgery Reversing Navy Caused Jaw Setback Surgery and a Motion to Reconsider Pending Reten[t]ion of Competent Legal Counsel." [ECF No. 13].

Addressing the two parts of plaintiff's filing in logical order, the Court begins with the second part, which it will treat as a motion to reconsider, pursuant to Federal Rule of Civil Procedure 59(e), the Court's February 28, 2013 Memorandum Order granting defendants' motion to dismiss. "While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). A Rule 59(e) motion to reconsider "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id*. (quoting *Firestone*, 76 F.3d at 1208.)

1

Plaintiff states that he will have surgery in April 2013 from which he will not fully recover until August 2013, and suggests that he either needs to be "medically unimpaired" or needs to retain counsel to respond to the motion to dismiss that the Court has already granted. Plaintiff has not presented grounds for granting a Rule 59(e) motion. Prior to granting defendants' motion to dismiss, this Court issued two orders notifying plaintiff, who is proceeding *pro se*, of the consequences of failing to respond to a dispositive motion, thereby going beyond the requirements of *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). (*See* 1/15/13 Order [ECF No. 4]; 2/5/13 Order [ECF No. 7].) Yet, plaintiff failed to oppose defendants' motion to dismiss, which the Court nevertheless decided on the merits, rather than granting as conceded. Plaintiff now seeks a *third* bite at the apple, but asks that he be allowed to take that bite in five months, citing no new law and no new evidence. Given this Court's repeated attempts to solicit a meaningful response from plaintiff before ruling, as well as the Court's assessment that it lacks subject matter jurisdiction over plaintiff's claims (*see* 2/28/13 Mem. Op. [ECF No. 11]), this is not a case that requires reconsideration based on "clear error" or to "prevent manifest injustice." Therefore, the Court will deny plaintiff's motion for reconsideration.

The Court will treat the first part of plaintiff's filing as a motion for extension of time to file a notice of appeal of the Court's February 28, 2013 Order. Pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B) and 4(a)(4)(A)(iv), plaintiff will have 60 days from the date of entry of the Order accompanying this Memorandum Opinion to file his notice of appeal. At most, the Court may, pursuant to Federal Rule of Appellate Procedure 4(a)(5), extend the time to file a notice of appeal for 30 days. Thus, the Court lacks the authority to extend the time until August 2013, as plaintiff appears to request. The Court will, however, in recognition of plaintiff's *pro se* status, grant his motion in part, by extending the time for 30 days. Thus,

plaintiff will have a total of 90 days from this date to file his notice of appeal.

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider [ECF No. 13] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Stay of Filing Notice of Appeal [ECF No. 13] is **DENIED IN PART AND GRANTED IN PART**; and it is further

**ORDERED** that Plaintiff shall have an additional 30 days, for a total of 90 days from this date, to file his Notice of Appeal of the Court's February 28, 2013 Order.

This is a **Final Appealable Order.**

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　ELLEN SEGAL HUVELLE
　　　　　　　　　　　　　　　　　　United States District Judge

DATE: April 3, 2013